Gaston, Judge.
There is no ground for setting aside this nonsuit. The affidavit of the defendant for a certiorari might have been properly read in evidence against him to establish any facts which were of a character to be proved by mere ad-, missions or representations of a party. But the affidavit was not an admission of record. It properly formed no' part of the record, for that consisted of the pleadings only — and these distinctly put in issue the title of the plaintiff’s lessors. This title was alleged to have been derived to them from the conveyance of Davidson, who derived his title from the conveyance of the Sheriff, who derived his authority from an execution issued upon a judgment. Now these were matters not to be proved by witnesses — nor by admissions equivalent at best but to proof by witnesses — but by the exhibition of the deeds, execution and judgment. The affidavit carried with it no more binding effect than would an admission by a defendant in an answer in chancery. And it has been held that such an admission is but secondary evidence of the execution of a deed, and does not supersede the necessity of proving it by the subscribing witness. Call v. Dunning, 4 East 53. Abbot v. Plumb, Doug. 216. And certainly it does not supersede the necessity of exhibiting the deed to speak for itself.
The judgment below is affirmed with costs.
Per Curiam. Judgment affirmed.